1 | **THE LAW OFFICE OF JACK FITZGERALD, PC**
2 | JACK FITZGERALD (SBN 257370)
  | *jack@jackfitzgeraldlaw.com*
3 | TREVOR M. FLYNN (SBN 253362)
  | *trevor@jackfitzgeraldlaw.com*
4 | TRAN NGUYEN (SBN 301593)
  | *tran@jackfitzgeraldlaw.com*
5 | Hillcrest Professional Building
6 | 3636 Fourth Avenue, Suite 202
7 | San Diego, California 92103
  | Phone: (619) 692-3840
8 | Fax: (619) 362-9555
9 | ***Counsel for Plaintiff Zenbu Magazines LLC,***
10 | ***and the Putative Class***

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENBU MAGAZINES LLC, on behalf of itself and all others similarly situated,<br><br>            Plaintiff,<br><br>                    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No.:  15-cv-309<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR:**<br><br>**VIOLATION OF CAL. CIV. CODE § 980(a)(2);**<br><br>**VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.;**<br><br>**MISAPPROPRIATION; and**<br><br>**CONVERSION**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Zenbu Magazines LLC ("Zenbu"), on behalf of itself, all others similarly situated, and the general public, by and through its undersigned counsel, hereby brings this action against defendant Apple Inc. ("Apple"), and alleges the following upon its own knowledge, or where it lacks personal knowledge, upon information and belief including the investigation of its counsel.

## INTRODUCTION

1.     Apple operates and offers to the general public a streaming music service called iTunes Radio, which is available through an Internet browser, as well as through applications for Android, Apple (iOS), and Windows smartphones and tablets.

2.     Included in the iTunes Radio library are sound recordings of musical performances that initially were "fixed" (that is, in a tangible medium, *i.e.*, recorded) prior to February 15, 1972, for which Apple has not obtained the recordings' owners' authorization to perform, and for which Apple does not and has not paid the recordings' owners royalties or licensing fees when it performs the recordings.

3.     Apple has copied tens of thousands of pre-1972 recordings to its servers, transmitting and performing them via iTunes Radio to its millions of users on a daily basis, without any authorization. Apple profits from its unauthorized reproduction, distribution, and public performance of pre-1972 recordings by charging subscription fees to its users, without paying royalties or licensing fees for pre-1972 recordings.

4.     Because Apple operates iTunes Radio without licenses for pre-1972 recordings, Apple is liable under California law for violation of Cal. Civ. Code § 980(a)(2), violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, misappropriation, and conversion.

5.     Zenbu owns all right, title and interest in and to a library of pre-1972 sound recordings, which includes at least one recording that Apple has reproduced, distributed, and performed without paying Zenbu any royalties or licensing fees, specifically "Sin City," by The Flying Burrito Brothers, off the Album, "The Gilded Palace of Sin," which was fixed in 1969. Zenbu brings this action on behalf of itself and similarly-situated owners of pre-1972

copyrights to sound recordings that have been reproduced, distributed, and performed by Apple without paying royalties or licensing fees.

## THE PARTIES

6.    Plaintiff Zenbu Magazines LLC is a New York limited liability company with its principal place of business in Brooklyn, New York.

7.    Defendant Apple Inc. is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, at least one member of the class of plaintiffs is a citizen of a State different from defendant.  In addition, more than two-thirds of the members of the class reside in states other than the state in which defendant is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

9.    The Court has personal jurisdiction over defendant pursuant to Cal. Code Civ. P. § 410.10, as a result of defendant's substantial, continuous and systematic contacts with the State, and because defendant has purposely availed itself of the benefits and privileges of conducting business activities within the State.

10.    Venue is proper in this Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because defendant resides (i.e., is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## INTRADISTRICT ASSIGNMENT

11.    Pursuant to N.D. Cal. Civ. L.R. 3-2(c), (d) & 3-5(b), this action is properly assigned to the San Jose Division because the action arises in Santa Clara County in that a

substantial part of the events or omissions which give rise to plaintiff's claims occurred in Cupertino, California, in Santa Clara County, where Apple resides.

## FACTS

12.     Since September 18, 2013, iTunes Radio has been provided by Apple to members of the public throughout the United States. Apple delivers and streams music through its iTunes software, which itself is available for a wide variety of both Mac and PC formats and hardware (for example, computers, laptops, smartphones, Apple TV, etc.). In marketing iTunes Radio, Apple represents that subscribers have access to over 20 million songs, with "No ads. No breaks. Just great music."

13.     Apple provides iTunes Radio on a free basis to iTunes users, supporting the service by selling advertising, and linking each sound recording performed to a page in the iTunes Store where the user may purchase the song for download.

14.     Among the sound recordings that Apple publicly performs, reproduces, and distributes on an ongoing and regular basis are pre-1972 recordings, including at least one for which Zenbu owns the sound recording copyright, specifically "Sin City," by The Flying Burrito Brothers, from the Album, "The Gilded Palace of Sin," which was fixed in a tangible medium (i.e., recorded) in 1969.

15.     In order to stream music recordings to the public, Apple has reproduced and copied, and continues to reproduce and copy, pre-1972 recordings, including to one or more servers and storage devices, and uses technology or systems that result in a copy of pre-1972 recordings being distributed to its subscribers' computers or storage devices.

16.     Apple is aware that it does not have any license, right, or authority to reproduce, perform, distribute, or otherwise exploit via iTunes Radio any pre-1972 recordings, including pre-1972 recordings owned by Zenbu.

17.     Apple is also aware which of the recordings it reproduces, performs, and distributes or otherwise exploits via iTunes Radio are pre-1972 recordings.

## **CLASS ACTION ALLEGATIONS**

18.     Zenbu seeks to represent a class comprised of all owners of sound recordings of musical performances that initially were "fixed" (*i.e.*, recorded) prior to February 15, 1972, which sound recordings were reproduced, performed, distributed, and/or otherwise exploited by Apple via iTunes Radio, and for which Apple was not authorized or licensed to reproduce, perform, distribute, or otherwise exploit.

19.     <u>Numerosity</u> – The members in the proposed class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and Court.

20.     <u>Commonality</u> – Common questions of law and fact exist as to all members of the putative class and subclass, which do not vary from member to member, and which may be resolved without reference to individual facts and circumstances include, without limitation:

   a.     Whether Apple reproduced, performed, distributed or otherwise exploited via iTunes Radio pre-1972 sound recordings;

   b.     Whether Apple was authorized by the owners of the sound recording copyrights to reproduce, perform, distribute, or otherwise exploit the sound recordings via iTunes Radio pre-1972 recordings;

   c.     Whether Apple paid royalties or licensing fees for pre-1972 sound recordings that it reproduced, performed, distributed, or otherwise exploited via iTunes Radio;

   d.     Whether Apple's reproduction, performance, distribution, or other exploitation via iTunes Radio of pre-1972 sound recordings constitutes a violation of Cal. Civ. Code § 980(a)(2);

   e.     Whether Apple's reproduction, performance, distribution or other exploitation via iTunes Radio of pre-1972 sound recordings constitutes an

4

unfair business practice in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

f.  Whether Apple's reproduction, performance, distribution or other exploitation via iTunes Radio of pre-1972 sound recordings constitutes misappropriation;

g.  Whether Apple's reproduction, performance, distribution or other exploitation via iTunes Radio of pre-1972 sound recordings constitutes conversion;

h.  The proper equitable, injunctive, and prospective relief;

i.  The proper amount of actual or compensatory damages;

j.  The proper amount of restitution or disgorgement;

k.  The proper amount of punitive damages; and

l.  The proper amount of reasonable litigation expenses and attorneys' fees.

21.  <u>Typicality</u> – Zenbu's claims are typical of the claims of members of the class in that they are based on the same underlying facts, events, and circumstances relating to Apple's conduct. Zenbu's interests are consistent with, and not antagonistic to, those of the other class members it seeks to represent.

22.  <u>Adequacy</u> – Zenbu will fairly and adequately represent and protect the interests of the class, has no interests incompatible with the interests of the class, and has retained counsel competent and experienced in class action and music copyright litigation.

23.  <u>Predominance</u> – Questions of law and fact common to the class predominate over any questions affecting only individual class members.

24.  <u>Superiority</u> – Class treatment is superior to other options for resolution of the controversy because individual litigation of the claims of all class members is impracticable. The claims of the individual members of the class may range from small sums to larger sums. For those class members with smaller claims, the expense and burden of individual litigation may not justify pursuing the claims individually. Moreover, even if every class member could

*Zenbu Magazines LLC v. Apple Inc.*, No. 15-cv-309
CLASS ACTION COMPLAINT

1   afford to pursue individual litigation, that would greatly tax the court system, as well as

2   present potential for varying, inconsistent, or contradictory judgments, and magnify the delay

3   and expense to all parties and the court system resulting from multiple trials of the same

4   factual issues.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CAL. CIV. CODE § 980(a)(2)

25.   Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

26.   Pursuant to Cal. Civ. Code § 980(a)(2), Zenbu and members of the putative class possess exclusive ownership interests in and to pre-1972 recordings, including the artistic performances embodied in those recordings.

27.   Through its unauthorized reproduction, performance, distribution, or other exploitation via its iTunes Radio of pre-1972 sound recordings (including the Zenbu Pre-1972 Recordings), Apple has infringed Zenbu's and the class members' exclusive ownership interests in and to the pre-1972 recordings, in violation of Cal. Civ. Code § 980(a)(2).

28.   As a direct and proximate consequence of Apple's violation of Cal. Civ. Code § 980(a)(2), Apple has received and retained money and value that rightfully belong to Zenbu and members of the class.

29.   As a direct and proximate consequence of Apple's violation of Cal. Civ. Code § 980(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet fully ascertained, but which likely is many millions of dollars.

### SECOND CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*

30.   Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

31.    The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

## Unfair

32.    Apple's conduct as alleged herein was unfair because its conduct was immoral, unethical, unscrupulous, or substantially injurious and the utility of its conduct, if any, did not outweigh the gravity of the harm to its victims.

33.    Apple's conduct as alleged herein was also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including without limitation Cal. Civ. Code § 980(a)(2).

## Unlawful

34.    Apple's conduct as alleged herein was "unlawful" within the meaning of the UCL because it was in violation of Cal. Civ. Code § 980(a)(2).

## THIRD CAUSE OF ACTION
## MISAPPROPRIATION

35.    Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

36.    Pursuant to Cal. Civ. Code § 980(a)(2) and California common law, Zenbu and members of the class possess exclusive ownership interests in and to the pre-1972 recordings, including the artistic performances embodied in those recordings.

37.    Zenbu and members of the class, and their predecessors in interest, invested substantial time and money developing the pre-1972 recordings reproduced, performed, distributed, and otherwise exploited by Apple via iTunes Radio.

38.    Because Apple does not obtain licenses to pre-1972 recordings, it does not incur any of the costs that a licensee is otherwise obligated to pay in order to reproduce, perform, distribute or otherwise exploit via iTunes Radio pre-1972 recordings.

39.    Apple has misappropriated, and continues to misappropriate, for its own commercial benefit, the exclusive ownership interests in and to the pre-1972 recordings, by

1   reproducing, performing, distributing, or otherwise exploiting via iTunes Radio pre-1972

2   recordings.

3        40.    As a direct and proximate consequence of Apple's misappropriation, Apple has

4   received and retained money and value that rightfully belongs to Zenbu and members of the

5   class.

6        41.    As a direct and proximate consequence of Apple's violation of Cal. Civ. Code §

7   982(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet

8   fully ascertained, but which likely is many millions of dollars.

9        42.    Apple acted with oppression, fraud, or malice. Apple's conduct was undertaken

10  in conscious disregard of the rights of Zenbu and each member of the class. Accordingly,

11  Zenbu and each member of the class is entitled to an award of punitive damages against Apple

12  in an amount sufficient to punish and make an example of Apple, so as to discourage Apple

13  and others from engaging in the same behavior in the future.

## FOURTH CAUSE OF ACTION
## CONVERSION

16       43.    Zenbu realleges and incorporates the allegations elsewhere in the Complaint as

17  if fully set forth herein.

18       44.    Pursuant to Cal. Civ. Code § 980(a)(2) and California common law, Zenbu and

19  members of the class possess exclusive ownership interests in and to the pre-1972 recordings,

20  including the artistic performances embodied in those recordings.

21       45.    By reproducing, performing, distributing or otherwise exploiting via iTunes

22  Radio pre-1972 recordings, Apple has converted for its own use the property rights of Zenbu

23  and each member of the class, in the pre-1972 recordings, and has dispossessed Zenbu and

24  each member of the class of their property rights.

25       46.    As a direct and proximate result of its conversion, Apple has received and

26  retained money and value that rightfully belongs to Zenbu and members of the class.

27

28

8

47. As a direct and proximate consequence of Apple's violation of Cal. Civ. Code § 982(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet fully ascertained, but which likely is many millions of dollars.

48. Apple acted with oppression, fraud, or malice. Apple's conduct was undertaken in conscious disregard of the rights of Zenbu and each member of the class. Accordingly, Zenbu and each member of the class is entitled to an award of punitive damages against Apple in an amount sufficient to punish and make an example of Apple, so as to discourage Apple and others from engaging in the same behavior in the future.

## **PRAYER FOR RELIEF**

49. Wherefore, Zenbu, on behalf of itself, all others similarly situated, and the general public, prays for judgment against Apple as to each and every cause of action, including:

      a.    An Order declaring this action to be a proper class action, appointing Zenbu and its counsel to represent the class, and requiring Apple to bear the cost of class notice;

      b.    An Order permanently enjoining Apple from, without license, reproducing, performing, distributing, or otherwise exploiting via iTunes Radio pre-1972 recordings;

      c.    An Order permanently enjoining Apple, and its agents, servants, directors, officers, principals, employees, representative, subsidiaries, parents, affiliates, successors, assigns, and those acting in concert with them or at their direction, from infringing, misappropriating, or converting, directly or indirectly, Zenbu's and the class members' exclusive ownership interests in and to the pre-1972 recordings, including the artistic performances embodied in those recordings, including without limitation by directly or indirectly reproducing, performing, distributing, or otherwise exploiting via iTunes Radio the pre-1972 recordings;

9

d.  An Order requiring Apple to pay Zenbu and the class compensatory damages on any cause of action where such damages are allowable;

e.  An Order requiring Apple to pay Zenbu and the class restitution to restore all funds acquired by means of any act or practice declared by the Court to be unlawful or unfair;

f.  An Order requiring Apple to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

g.  An Order requiring Apple to pay punitive damages on any causes of action so allowable if Zenbu proves Apple's conduct was knowing, willful, malicious, oppressive, or reckless;

h.  An Order requiring Apple to pay pre- and post-judgment interest on any monetary amounts awarded;

i.  An Order requiring Apple to pay fees and costs, including reasonable attorneys' fees, incurred in pursuing this action; and

j.  An Order providing for all other such equitable relief as may be just and proper.

///
///
///
///
///
///
///
///
///
///

10

1

## **JURY DEMAND**

2

      50.    Zenbu hereby demands a trial by jury on all issues so triable.

3

4

5

Dated: January 22, 2015

                          /s/ *Jack Fitzgerald*

6

                          By: Jack Fitzgerald

7

                          **THE LAW OFFICE OF JACK FITZGERALD, PC**

8

                          JACK FITZGERALD (SBN 257370)
                          *jack@jackfitzgeraldlaw.com*

9

                          TREVOR M. FLYNN (SBN 253362)
                          *trevor@jackfitzgeraldlaw.com*

10

                          TRAN NGUYEN (SBN 301593)
                          *tran@jackfitzgeraldlaw.com*

11

                          Hillcrest Professional Building

12

                          3636 Fourth Avenue, Suite 202

13

                          San Diego, California 92103
                          Phone: (619) 692-3840

14

                          Fax: (619) 362-9555

15

                          ***Counsel for Plaintiff Zenbu Magazines LLC,***
                          ***and the Putative Class***

16

17

18

19

20

21

22

23

24

25

26

27

28

*Zenbu Magazines LLC v. Apple Inc.*, No. 15-cv-309
CLASS ACTION COMPLAINT